**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**NATIONAL ASSOCIATION OF
STUDENT LOAN ADMINISTRATORS,**

   **Plaintiff,**

**v.**

   **Case No. 3:21-cv-00440-MHL**

**E. JOSEPH FACE, JR., Commissioner of
Financial Institutions, Bureau of Financial
Institutions, Virginia State Corporation
Commission; JEHMAL T. HUDSON,
Commissioner, Virginia State Corporation
Commission, JUDITH WILLIAMS
JAGDMANN, Commissioner, Virginia
State Corporation Commission, ANGELA
L. NAVARRO, Commissioner, Virginia
State Corporation Commission,**

   **Defendants.**

## ANSWER TO FIRST AMENDED COMPLAINT

   Defendants E. Joseph Face, Jr. ("Face"), Jehmal T. Hudson ("Hudson"), Judith Williams

Jagdmann ("Jagdmann"), and Angela L. Navarro ("Navarro") (collectively, the "Defendants"), by

counsel, submit the following Answer and Affirmative Defenses to the Amended Complaint filed

by Plaintiff National Association of Student Loan Administrators ("Plaintiff").

## INTRODUCTION

   1.   The allegations in paragraph 1 of the Amended Complaint state conclusions of

law and the plaintiff's characterization of its own Amended Complaint and the Virginia statutes

at issue in the case, and thus no response is required. Any allegations inconsistent thereto are

denied.

2.      The allegations in paragraph 2 of the Amended Complaint state conclusions of law to which no response is required. The Defendants admit that the Federal Family Education Loan Program is a federal student loan program.

3.      The allegations in paragraph 3 of the Amended Complaint state conclusions of law regarding the contents of the Higher Education Act of 1965, which law speaks for itself. Any allegations inconsistent thereto are denied.

4.      The allegations in paragraph 4 of the Amended Complaint state conclusions of law regarding the contents of the Higher Education Act of 1965, which law speaks for itself. Any allegations inconsistent thereto are denied.

5.      The allegations in paragraph 5 of the Amended Complaint state conclusions of law regarding the contents of the Higher Education Act of 1965 and its accompanying regulations, which laws speak for themselves. Any allegations inconsistent thereto are denied.

6.      Defendants are without sufficient information to admit or deny the allegations in paragraph 6 of the Amended Complaint related to the number or motivation of states who have passed or are considering passing laws related to licensure. Defendants therefore deny them. Defendants admit that Servicers play a role in federal student loan programs.

7.      The allegations in paragraph 7 of the Amended Complaint state conclusions of law, to which no response is required.

8.      Defendants are without sufficient information to admit or deny the allegations in paragraph 8 of the Amended Complaint.

9.      The allegations in paragraph 9 of the Amended Complaint state conclusions of law to which no response is required.

10.     Defendants are without sufficient information to admit or deny the allegations related to the "outreach" of NASLA and its members prior to the passage of the Qualified Education Loan Servicers Act, and so deny them. The remaining allegations are denied.

11.     Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12.     The allegations in paragraph 12 of the Amended Complaint refer to bills passed in the Virginia General Assembly, which laws speak for themselves. Any allegations inconsistent thereto are denied.

13.     The allegations in paragraph 13 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

14.     Defendants admit the allegations in paragraph 14 of the Amended Complaint.

15.     Defendants admit that the Commission adopted proposed regulations that implement the Qualified Education Loan Servicers Act and deny the remaining allegations in paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the regulations do not contradict the provisions of the Qualified Education Loan Servicers Act.

17.     The allegations in paragraph 17 of the Amended Complaint refer to provisions of the Virginia Administrative Code, which provisions speak for themselves. Any allegations inconsistent thereto are denied.

18.     The allegations in paragraph 18 of the Amended Complaint refer to the contents of the Amended Complaint, which document speaks for itself. Defendants deny NASLA is entitled to the relief it requests.

3

19. The allegations in paragraph 19 of the Amended Complaint refer to the contents of the Amended Complaint, which document speaks for itself. Defendants deny that the Act and its implementing regulations are preempted by federal law or that Federal Guarantors are immune under the intergovernmental-immunity doctrine.

20. Defendants admit that the plaintiff seeks the relief alleged in paragraph 20 of the Amended Complaint but deny that it is entitled to that relief.

## PARTIES

21. Defendants are without sufficient information to admit or deny the allegations in paragraph 21 of the Amended Complaint.

22. Defendants admit that Commissioner Face is the Commissioner of Financial Institutions for the Bureau and that the Bureau is a division of the Commission. The remaining allegations in paragraph 22 of the Amended Complaint are legal conclusions to which no response is required.

23. Defendants admit that Commissioners Hudson, Jagdmann, and Navarro are the current Commissioners for the Commission and that Commissioner Jagdmann is the current chair of the Commission. The remaining allegations in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required.

## STANDING

24. The allegations in paragraph 24 of the Amended Complaint state conclusions of law, to which no response is required.

25. The allegations in paragraph 25 of the Amended Complaint state conclusions of law, to which no response is required.

26.     The allegations in paragraph 26 of the Amended Complaint state conclusions of law, to which no response is required.

27.     Defendants deny that the Amended Complaint seeks only declaratory relief. The remaining allegations in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

28.     The allegations in paragraph 28 of the Amended Complaint state conclusions of law, to which no response is required.

29.     The allegations in paragraph 29 of the Amended Complaint state conclusions of law, to which no response is required.

## GENERAL ALLEGATIONS

### *Federal Student Loans*

30.     The allegations in paragraph 30 of the Amended Complaint state an opinion of the plaintiff to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations.

31.     The allegations in paragraph 31 of the Amended Complaint state conclusions of law, to which no response is required.

32.     The allegations in paragraph 32 of the Amended Complaint state conclusions of law, to which no response is required.

33.     The allegations in paragraph 33 of the Amended Complaint quote the Higher Education Act of 1965, which law speaks for itself. Any allegations inconsistent thereto are denied.

34.     The allegations in paragraph 34 of the Amended Complaint quote a legal decision, which decision speaks for itself. Any allegations inconsistent thereto are denied.

35.     The allegations in paragraph 35 of the Amended Complaint refer to codified federal loan programs, which speak for themselves, and state legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

36.     The allegations in paragraph 36 of the Amended Complaint state conclusions of law, to which no response is required.

37.     Defendants are without sufficient information to admit or deny the allegations in paragraph 37 of the Amended Complaint. To the extent the allegations purport to represent the contents of the United States Department of Education website cited, that source speaks for itself and any allegations inconsistent with it are denied.

38.     Defendants are without sufficient information to admit or deny the allegations in paragraph 38 of the Amended Complaint. To the extent the allegations purport to represent the contents of the United States Department of Education website cited, that source speaks for itself and any allegations inconsistent with it are denied.

39.     Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Amended Complaint. To the extent the allegations purport to represent the contents of the United States Statement of Interest cited, that source speaks for itself and any allegations inconsistent with it are denied.

40.     Defendants are without sufficient information to admit or deny the allegations in paragraph 40 of the Amended Complaint. To the extent the allegations purport to represent the contents of the websites cited, those sources speak for themselves and any allegations inconsistent with them are denied.

41.     The allegations in paragraph 41 of the Amended Complaint state conclusions of law, to which no response is required.

42.     The allegations in paragraph 42 of the Amended Complaint state conclusions of law, to which no response is required.

*FFEL Program*

43.     The allegations in paragraph 43 of the Amended Complaint refer to the contents of the Higher Education Act, which speaks for itself. Any allegations inconsistent thereto are denied.

44.     The defendants are without sufficient information to admit or deny the allegations in paragraph 44 of the Amended Complaint.

45.     The allegations in paragraph 45 of the Amended Complaint refer to various federal laws, which laws speak for themselves. Any allegations inconsistent thereto are denied. As to the allegations regarding how FFELP loans work, those allegations state conclusions of law to which no response is required.

46.     The allegations in paragraph 46 of the Amended Complaint state conclusions of law, to which no response is required.

47.     The allegations in paragraph 47 of the Amended Complaint state conclusions of law, to which no response is required.

48.     The allegations of paragraph 48 of the Amended Complaint refer to various federal laws, which laws speak for themselves. Any allegations inconsistent thereto are denied.

49.     The allegations of paragraph 49 of the Amended Complaint refer to the Code of Federal Regulations, which speaks for itself. Any allegations inconsistent thereto are denied.

50.     The allegations of paragraph 50 of the Amended Complaint refer to various federal laws and a court decision, which speak for themselves. Any allegations inconsistent thereto are denied.

51.     The allegations in paragraph 53 of the Amended Complaint state conclusions of law, to which no response is required. To the extent the allegations purport to represent the content of the federal laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

52.     The allegations of paragraph 52 of the Amended Complaint refer to various federal laws, which speak for themselves. Any allegations inconsistent thereto are denied.

53.     The allegations in paragraph 53 of the Amended Complaint state conclusions of law, to which no response is required. To the extent the allegations purport to represent the content of the federal laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

54.     The allegations in paragraph 54 of the Amended Complaint related to the current status of FFELP loans are legal conclusions to which no response is required. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 54 of the Amended Complaint.

55.     The allegations in paragraph 55 of the Amended Complaint state conclusions of law, to which no response is required.

### *Federal Guarantors*

56.     The allegations in paragraph 56 of the Amended Complaint state conclusions of law, to which no response is required.

57.     The allegations in paragraph 57 of the Amended Complaint state the contents of a United States Department of Education document, which speaks for itself. Any allegations inconsistent thereto are denied.

58.     The allegations in paragraph 58 of the Amended Complaint state conclusions of law, to which no response is required. To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

59.     The allegations in paragraph 59 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

60.     The allegations in paragraph 60 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

61.     The allegations in paragraph 61 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

62.     Defendants are without sufficient information to admit or deny the allegations of paragraph 62 of the Amended Complaint. Based on information currently available to them, Defendants do not dispute that ECMC is the designated guarantor for the Commonwealth of Virginia.

63.     Defendants are without sufficient information to admit or deny the allegations in paragraph 63 of the Amended Complaint.

64.     The allegations in paragraph 64 of the Amended Complaint state conclusions of law, to which no response is required.

65.     The allegations in paragraph 65 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

66.     The allegations in paragraph 66 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

67.     The allegations in paragraph 67 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

68.     The allegations in paragraph 68 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

69.     The allegations in paragraph 69 of the Amended Complaint state conclusions of law, to which no response is required, or refer to the contents of Exhibit 1, which document

speaks for itself.  To the extent the allegations are contrary to law or the document referenced, they are denied.

70.     The defendants are without sufficient information to admit or deny the allegations in paragraph 70 of the Amended Complaint.

71.     The allegations in paragraph 71 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the various documents referenced, which documents speak for themselves.  To the extent the allegations are inconsistent thereto, they are denied.

72.     The allegations in paragraph 72 of the Amended Complaint state conclusions of law, to which no response is required.

73.     The allegations in paragraph 73 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

*Federal Guarantors' Role in the FFEL Program*

74.     The allegations in paragraph 74 of the Amended Complaint state conclusions of law, to which no response is required.

75.     The allegations in paragraph 75 of the Amended Complaint state conclusions of law, to which no response is required.

76.     The allegations in paragraph 76 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal laws and case decisions which documents speak for themselves.  Any allegations inconsistent thereto are denied.

11

77.     The allegations in paragraph 77 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

78.     The allegations in paragraph 78 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  To the extent the allegations are contrary to law, they are denied.

79.     The allegations in paragraph 79 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

80.     The allegations in paragraph 80 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

81.     The allegations in paragraph 81 of the Amended Complaint state conclusions of law, to which no response is required.

82.     The allegations in paragraph 82 of the Amended Complaint state conclusions of law, to which no response is required.

83.     The allegations in paragraph 83 of the Amended Complaint state conclusions of law, to which no response is required.

84.     The allegations in paragraph 84 of the Amended Complaint state conclusions of law, to which no response is required.

85.     The allegations in paragraph 85 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

86.     The allegations in paragraph 86 of the Amended Complaint state conclusions of law, to which no response is required.

87.     The allegations in paragraph 87 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  Any allegations inconsistent thereto are denied.

88.     The allegations in paragraph 88 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  Any allegations inconsistent thereto are denied.

89.     The allegations in paragraph 89 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  Any allegations inconsistent thereto are denied.

90.     The allegations in paragraph 90 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  Any allegations inconsistent thereto are denied.

91.     The allegations in paragraph 91 of the Amended Complaint state conclusions of law, to which no response is required.  To the extent the allegations purport to represent the content of the laws cited, those laws speak for themselves and any allegations inconsistent thereto are denied.

92.     The allegations in paragraph 92 of the Amended Complaint state conclusions of law, to which no response is required, and refer to the contents of federal law which speaks for itself.  Any allegations inconsistent thereto are denied.

93.     The allegations in paragraph 93 of the Amended Complaint refer to the contents of a document issued by the Department of Education which speaks for itself.  Any allegations inconsistent thereto are denied.

94.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 94 of the Amended Complaint.

*Federal Guarantors Do Not Service Student Loans*

95.     The allegations in paragraph 95 of the Amended Complaint state conclusions of law, to which no response is required.

96.     The allegations in paragraph 96 of the Amended Complaint state conclusions of law, to which no response is required.

97.     The allegations in paragraph 97 of the Amended Complaint state conclusions of law, to which no response is required.

98.     The allegations in paragraph 98 of the Amended Complaint state conclusions of law, to which no response is required.

99.     The allegations in paragraph 98 of the Amended Complaint state conclusions of law, to which no response is required.

*Federal Government Compensation to Federal Guarantors*

100.     The allegations in paragraph 100 of the Amended Complaint state conclusions of law, to which no response is required.

101.    The allegations in paragraph 101 of the Amended Complaint state conclusions of law, to which no response is required.

102.    The allegations in paragraph 102 of the Amended Complaint state conclusions of law, to which no response is required.

103.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 103 of the Amended Complaint.

104.    Defendants are without sufficient information to admit or deny the allegations in paragraph 104 of the Amended Complaint.

105.    The allegations in paragraph 105 of the Amended Complaint state conclusions of law, to which no response is required.

106.    The allegations in paragraph 106 of the Amended Complaint state conclusions of law, to which no response is required.

*The Act*

107.    Defendants admit the allegations of paragraph 107 of the Amended Complaint.

108.    Defendants admit the allegations of paragraph 108 of the Amended Complaint.

109.    Defendants admit the allegations of paragraph 109 of the Amended Complaint.

110.    The allegations in paragraph 110 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

111.    The allegations in paragraph 111 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

112.    The allegations in paragraph 112 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

113.    The allegations in paragraph 113 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

114.    The allegations in paragraph 114 of the Amended Complaint state conclusions of law, to which no response is required.

115.    The allegations in paragraph 115 of the Amended Complaint state conclusions of law, to which no response is required.

116.    The allegations in paragraph 116 of the Amended Complaint state conclusions of law, to which no response is required.

117.    The allegations in paragraph 117 of the Amended Complaint state conclusions of law, to which no response is required.

118.    The allegations in paragraph 118 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

119.    The allegations in paragraph 119 of the Amended Complaint state conclusions of law, to which no response is required.

120.    The allegations in paragraph 120 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

121.    The allegations in paragraph 121 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

122.    The allegations in paragraph 122 of the Amended Complaint state conclusions of law, to which no response is required.

123.    The allegations in paragraph 123 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

124.    The allegations in paragraph 124 of the Amended Complaint state conclusions of law, to which no response is required.

125.    The allegations in paragraph 125 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

126.    The allegations in paragraph 126 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

127.    The allegations in paragraph 127 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

128.    The allegations in paragraph 128 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

129.    The allegations in paragraph 129 of the Amended Complaint state conclusions of law, to which no response is required.

130.    The allegations in paragraph 130 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

131.    The allegations in paragraph 131 of the Amended Complaint refer to the contents of the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

132.    The allegations in paragraph 132 of the Amended Complaint state conclusions of law, to which no response is required.

133.    The allegations in paragraph 133 of the Amended Complaint state conclusions of law, to which no response is required.

### *Legislative Outreach*

134.    Defendants are without sufficient information to admit or deny the allegations in paragraph 134 of the Amended Complaint.

135.    Defendants are without sufficient information to admit or deny the allegations in paragraph 135 of the Amended Complaint.

136.    Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 136 of the Amended Complaint.

<u>*Efforts to Confer with the Commonwealth of Virginia*</u>

137.    Defendants are without sufficient information to admit or deny the allegations in paragraph 137 of the Amended Complaint.

138.    The allegations in paragraph 138 of the Amended Complaint refer to Exhibit 2. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

139.    The allegations in paragraph 139 of the Amended Complaint refer to Exhibit 2. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

140.    The allegations in paragraph 140 of the Amended Complaint refer to Exhibit 2. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

141.    The allegations in paragraph 141 of the Amended Complaint refer to Exhibit 3. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

142.    The allegations in paragraph 142 of the Amended Complaint refer to Exhibit 3. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

143.    The allegations in paragraph 143 of the Amended Complaint refer to Exhibit 3. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

144.    The allegations in paragraph 144 of the Amended Complaint refer to Exhibit 4. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

145.    The allegations in paragraph 145 of the Amended Complaint refer to Exhibit 4. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

146.     The allegations in paragraph 146 of the Amended Complaint refer to Exhibit 4. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

147.     The allegations in paragraph 147 of the Amended Complaint refer to a regulatory provision, which provision speaks for itself. Any allegations inconsistent thereto are denied.

148.     The allegations in paragraph 148 of the Amended Complaint refer to a regulatory provision, which provision speaks for itself. Any allegations inconsistent thereto are denied.

149.     The allegations in paragraph 149 of the Amended Complaint refer to several regulatory provisions, which provisions speak for themselves. Any allegations inconsistent thereto are denied.

150.     The allegations in paragraph 150 of the Amended Complaint contain legal conclusions to which no response is required.

151.     The allegations in paragraph 151 of the Amended Complaint refer to the Order in Exhibit 4, which speaks for itself. Any allegations inconsistent thereto are denied.

152.     The allegations in paragraph 152 of the Amended Complaint refer to Exhibit 5. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

153.     The allegations in paragraph 153 of the Amended Complaint refer to Exhibit 5. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

154.     The allegations in paragraph 154 of the Amended Complaint refer to Exhibit 5. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

155.     The allegations in paragraph 155 of the Amended Complaint refer to Exhibit 6. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

156.     The allegations in paragraph 156 of the Amended Complaint refer to Exhibit 6. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

157.    The allegations in paragraph 157 of the Amended Complaint refer to Exhibit 6. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

158.    The allegations in paragraph 158 of the Amended Complaint refer to Exhibit 6. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

159.    Defendants admit the allegations in paragraph 159 of the Amended Complaint.

160.    Defendants admit the allegations in paragraph 160 of the Amended Complaint.

161.    Defendants admit that the Bureau told NASLA that it had already responded to comments in the then-pending rulemaking proceeding and that it would listen to NASLA. The remaining allegations in paragraph 161 of the Amended Complaint are denied.

162.    Defendants admit that the Bureau told NASLA that it had already responded to comments in the then-pending rulemaking proceeding, and that the proposed regulations were before the Commission, not the Bureau. The remaining allegations in paragraph 162 of the Amended Complaint are denied.

163.    Defendants admit that the allegations in paragraph 163 of the Amended Complaint accurately state the representation made, but affirmatively state that the representation itself is a legal conclusion to which no response is required.

### *Adoption of the Implementing Regulations*

164.    The allegations in paragraph 164 of the Amended Complaint refer to Exhibit 7. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

165.     The allegations in paragraph 165 of the Amended Complaint refer to Exhibit 8. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

166.    The allegations in paragraph 166 of the Amended Complaint refer to Exhibit 9. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

167.     The allegations in paragraph 167 of the Amended Complaint refer to Exhibit 9. The Exhibit speaks for itself and any allegations inconsistent thereto are denied.

168.     The allegations in paragraph 168 of the Amended Complaint contain legal conclusions to which no response is required.

*The Act and its Implementing Regulations Have and Will Continue to Cause NASLA's*

*Members Immediate and Significant Hardship*

169.     Defendants deny the allegations in paragraph 169 of the Amended Complaint.

170.     Defendants are without sufficient information to admit or deny the allegations in paragraph 170 of the Amended Complaint.

171.     Defendants are without sufficient information to admit or deny the allegations in paragraph 171 of the Amended Complaint.

172.     Defendants are without sufficient information to admit or deny the allegations in paragraph 172 of the Amended Complaint.

173.     The allegations in paragraph 173 of the Amended Complaint contain legal conclusions to which no response is required.

174.     The allegations in paragraph 174 of the Amended Complaint contain legal conclusions to which no response is required.

175.     The allegations in paragraph 175 of the Amended Complaint contain legal conclusions to which no response is required. To the extent the allegations purport to represent the contents of the cases cited, those cases speak for themselves and any allegations inconsistent thereto are denied.

176.     The allegations in paragraph 176 of the Amended Complaint contain legal conclusions to which no response is required.

177.    The allegations in paragraph 177 of the Amended Complaint contain legal conclusions to which no response is required.

178.    The allegations in paragraph 178 of the Amended Complaint contain legal conclusions to which no response is required.

## **FIRST CLAIM FOR RELIEF**

179.    Defendants restate their responses to paragraphs 1 through 178 as if fully set forth herein.

180.    Defendants deny the allegations in paragraph 180 of the Amended Complaint.

181.    Defendants deny the allegations in paragraph 181 of the Amended Complaint.

182.    The allegations in paragraph 182 of the Amended Complaint contain legal conclusions to which no response is required.

183.    The allegations in paragraph 183 of the Amended Complaint contain legal conclusions to which no response is required.

184.    Defendants deny the allegations in paragraph 184 that the Act violates the Plaintiff's Fourth Amendment rights.  The remaining allegations in paragraph 184 of the Amended Complaint contain legal conclusions to which no response is required.

185.    The allegations in paragraph 185 of the Amended Complaint contain legal conclusions to which no response is required.

186.    The allegations in paragraph 186 of the Amended Complaint contain legal conclusions to which no response is required.

187.    Defendants deny the allegations in paragraph 187 of the Amended Complaint.

188.    The allegations in paragraph 188 of the Amended Complaint contain legal conclusions to which no response is required.

189.     The allegations in paragraph 189 of the Amended Complaint contain legal conclusions to which no response is required.

190.     Defendants deny the allegations in paragraph 190 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

191.     Defendants restate their responses to paragraphs 1 through 190 as if fully set forth herein.

192.     The allegations in paragraph 192 of the Amended Complaint refer to the U.S. Constitution, which speaks for itself. Any allegations inconsistent thereto are denied.

193.     The allegations in paragraph 193 of the Amended Complaint contain legal conclusions to which no response is required.

194.     The allegations in paragraph 194 of the Amended Complaint contain legal conclusions to which no response is required.

195.     Defendants deny the allegations in paragraph 195 of the Amended Complaint.

196.     The allegations in paragraph 196 of the Amended Complaint contain legal conclusions to which no response is required.

197.     The allegations in paragraph 197 of the Amended Complaint contain legal conclusions to which no response is required.

198.     The allegations in paragraph 198 of the Amended Complaint refer to the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

199.     The allegations in paragraph 199 of the Amended Complaint refer to the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

200.     The allegations in paragraph 200 of the Amended Complaint contain legal conclusions to which no response is required.

201.    The allegations in paragraph 201 of the Amended Complaint contain legal conclusions to which no response is required.

202.    The allegations in paragraph 202 of the Amended Complaint refer to the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

203.    The allegations in paragraph 203 of the Amended Complaint contain legal conclusions to which no response is required.

204.    The allegations in paragraph 204 of the Amended Complaint contain legal conclusions to which no response is required.

205.    Defendants deny the allegations in paragraph 205 of the Amended Complaint.

206.    Defendants deny the allegations in paragraph 206 of the Amended Complaint.

207.    Defendants deny the allegations in paragraph 207 of the Amended Complaint.

208.    The allegations in paragraph 208 of the Amended Complaint contain legal conclusions to which no response is required.

209.    The allegations in paragraph 209 of the Amended Complaint contain legal conclusions to which no response is required.

210.    Defendants deny the allegations in paragraph 210 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF

211.    Defendants restate their responses to paragraphs 1 through 210 as if fully set forth herein.

212.    The allegations in paragraph 212 of the Amended Complaint refer to an opinion of the Supreme Court of the United States, which opinion speaks for itself. Any allegations inconsistent thereto are denied.

213.    The allegations in paragraph 213 of the Amended Complaint contain legal conclusions to which no response is required.

214.    The allegations in paragraph 214 of the Amended Complaint contain legal conclusions to which no response is required.

215.    The allegations in paragraph 215 of the Amended Complaint contain legal conclusions to which no response is required.

216.    The allegations in paragraph 216 of the Amended Complaint contain legal conclusions to which no response is required.

217.    The allegations in paragraph 217 of the Amended Complaint contain legal conclusions to which no response is required.

218.    The allegations in paragraph 218 of the Amended Complaint refer to the Act, which speaks for itself. Any allegations inconsistent thereto are denied.

219.    Defendants deny the allegations in paragraph 219 of the Amended Complaint.

220.    Defendants deny the allegations in paragraph 220 of the Amended Complaint.

221.    The allegations in paragraph 221 of the Amended Complaint contain legal conclusions to which no response is required.

222.    The allegations in paragraph 222 of the Amended Complaint contain legal conclusions to which no response is required.

223.    The allegations in paragraph 223 of the Amended Complaint contain legal conclusions to which no response is required.

224.    Defendants deny the allegations in paragraph 224 of the Amended Complaint.

225.    The Defendants deny any allegation not expressly admitted.

**AFFIRMATIVE DEFENSES**

226.     The plaintiff lacks associational standing.

227.     The plaintiff fails to state a claim for relief under Count I for a declaration that federal law preempts the Act and its implementing regulations under the *Leslie Miller* rule.

228.     The plaintiff fails to state a claim for relief under Count II that the Act and its implementing regulations violate the Fourth Amendment.

229.     Defendants state that NASLA cannot show that Defendants could not permissibly conduct regulatory searches under any set of facts pursuant to the Act and its implementing regulations.

230.     The plaintiff fails to state a claim for relief under Count III for declaratory judgment that federal guaranty agencies are immune from the Act and its implementing regulations under intergovernmental immunity.

231.     Defendants state that NASLA is merely a private corporation contracted by the federal government in the transaction of its fiscal affairs.

232.     The plaintiff is not entitled to declaratory relief of any kind.

233.     The plaintiff is not entitled to injunctive relief of any kind.

Respectfully submitted,

E. JOSEPH FACE, JR.
JEHMAL T. HUDSON
JUDITH WILLIAMS JAGDMANN
ANGELA L. NAVARRO


By: ___/s/John P. O'Herron_____
William W. Tunner (VSB #38358)
Michael G. Matheson (VSB #82391)
John P. O'Herron (VSB #79357)
Rachel W. Adams (VSB #92605)

26

*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
mmatheson@t-mlaw.com
joherron@t-mlaw.com
radams@t-mlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joshua A. Weiss
Christopher O. Murray
David B. Meschke
Brownstein Hyatt Farber Schreck, LLP
410 17th St., Suite 2200
Denver CO 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
jweiss@bhfs.com
cmurray@bhfs.com
dmeschke@bhfs.com
*Counsel for the Plaintiff*

Jessica Merry Samuels
*Counsel to the Attorney General*
James E. Scott
*Assistant Attorney General*
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Phone: (804) 786-6835
Fax: (804) 371-0200
jsamuels@oag.state.va.us
jscott@oag.state.va.us
*Counsel for Intervenor Commonwealth of Virginia*

By: ____/s/_____
John P. O'Herron (VSB #79357)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 698-6253
Fax: (804) 780-1813
joherron@t-mlaw.com
*Counsel for Defendants*